CULVER *against* HALL and others :

IN ERROR.

In the process of foreign attachment, a demand of the principal debtor, upon the execution against him, is not necessary, in order to protect the garnishee in the payment of the amount in his hands due to the principal debtor.

THE original action was book debt, brought to the county court of *New-Haven* county, by *Andrew J. Culver* against *Joel Hall* 2d and others. The defendants pleaded the general issue, with notice of special matter to be given in evidence; and the cause was tried in the county court, *November* term, 1849.

On the trial, the defendants claimed to have proved, that before the commencement of this suit, the debt demanded in the declaration was secured in the hands of the defendants, by process of foreign attachment, to pay such judgment as *Burdet Cannon*, a creditor of the present plaintiff, should recover in his action brought against the present plaintiff, by writ, dated the       day of            , and returnable before *Samuel H. Dutton*, Esq. a justice of the peace for *New-Haven* county; and that judgment was recovered in that action, by said *Cannon*, for his debt and costs; that upon the judgment execution was lawfully issued, and the officer serving it was directed to make demand of the present defendants, as garnishees, of any debt due from them to the judgment debtor; and that upon such demand being made, the defendants paid to the officer, upon said execution, so much of the debt, owing by them to the present plaintiff, as would satisfy said execution and officer's fees; and therefore, they claimed to be discharged from further demand of the debt so paid.

But the plaintiff claimed, that although it did appear from the return of the officer serving this execution, which was the only evidence offered to that point, by the defendants, that upon demand by him made upon the defendants, as garnishees, they had paid the amount; yet inasmuch as it did not appear by said return, that a prior demand had been made upon the defendants in the execution, for the debt due upon such execution, the garnishees could not be protected, by the

statute relative to foreign attachment, in making such payment ; and thereupon the court ruled, that as it did not appear from the officer's return, that a demand had been made upon the defendants, prior to the demand made upon the garnishees, they, the garnishees, were not protected in the payment so made by them ; and judgment was rendered for the plaintiff.

On motion in error, by the defendants, the cause was removed to the superior court ; and the parties being heard thereon, at the *January* term, 1850, the judgment of the county court was reversed. The original plaintiff, by motion in error, then brought the record before this court for revision.

*Doolittle*, for the plaintiff in error, contended, That a demand of the defendants in the execution for the debt mentioned therein, was necessary, in order to protect the garnishees in the payment made by them ; and in support of this position, he suggested the following considerations.

First, in the levy of an execution, it is the officer's duty, as the first step of his proceeding, to make demand of the sum due on the execution, as an essential prerequisite to any ulterior proceedings. *Stat.* 97. *Dutton* v. *Tracy,* 4 *Conn. R.* 365.

Secondly, the object of this statute is, to give the debtor an opportunity of payment, or of exposing such goods as may be least injurious to him ; and to prevent unnecessary costs. This is a matter *stricti juris.* It is the *privilege* of the debtor, guarantied to him, by the statute, to prevent, by payment, unnecessary costs, and a levy on his property.

Thirdly, the object of the statute of foreign attachment is, to enable the attaching creditor to create a lien on property in the hands of a third person, when the attaching creditor can not reach the property, by the ordinary process. It is then an extension of the rights of an attaching creditor in addition to the ordinary process. The statute of foreign attachment, then, *does not repeal* any of the provisions of the statute relating to the ordinary process of attachment, *but is merely an extension of that statute.*

Fourthly, the form of the execution, and the officer's duty, are precisely the same, with this exception, that the officer

*New-Haven,*
July, 1850.

Culver
*v.*
Hall.

*may make* a demand upon the garnishee, if the *creditor directs him* to do so.

Fifthly, the officer may attach, on the original writ, the property of the defendant, and also leave copies with a garnishee, thereby creating a lien on other property. After judgment, the officer may, with the same execution, levy upon the debtor's property ; and if sufficient property is not found, by the officer, to satisfy the execution, may make demand of the garnishee.

Can the officer do this, without having made demand on the defendant, the original debtor ? Is it so, that an officer must make demand before he levies upon the debtor's property, and yet, if he happens to find his property in the hands of the garnishee, he may levy upon *that,* without demand or notice to the debtor ?

Sixthly, according to the established practice, every declaration in *scire-facias* alleges, that a demand has been made upon the original debtor prior to a demand on the garnishee. And such an allegation has been considered material.

Seventhly, the garnishee is not justified in paying over illegally. In law, it is no payment. *Cole* v. *Wooster,* 2 *Conn. R.* 203.

*C. R. Ingersoll,* for the defendants, contended, 1. That they, as garnishees, are protected from any suit for the debt paid to the officer holding the execution against *Culver,* by the provisions of the act relating to foreign attachment. *Stat.* 117. *sect.* 232.

It was taken out of their hands, by " process and judgment of law ;" having, by the original " process," been " secured in their hands to pay such judgment as the plaintiff should recover ;" (*sect.* 229.) and being by the " judgment" rendered in favour of the plaintiff made " liable to pay the same." *sect.* 230. See *Cutler* v. *Baker,* 2 *Day,* 498. And whatever the garnishees have done was done " in compliance with the act."

The only " duty" required by the act, of the garnishee, is to hold secure the goods and effects of the defendant, and the debts due him, " to pay such judgment as the plaintiff shall recover ;" (*sect.* 229.) and on judgment being rendered, and execution prayed out, and demand upon him made, by " the

officer serving the same," to "*expose* the goods and effects, to be taken on execution;" and to "*pay*" the debt due to the defendant.    *Sect.* 230.    The defendants have done nothing more nor less than this.    They have only done their " duty," in literal " compliance with the act."

This process being founded entirely on the statute, its directions should be closely followed ; especially, as they prescribed the *duty* and *liability* of the garnishee, who, outside of this statute, is unknown to our law.    But such directions being followed, the same statute will afford effectual protection to the garnishee.

2. That the general law regulating the levy of executions (*Stat.* 98. *sect.* 175.) is not applicable to this case, and does not require a demand of the original debtor, as a prerequisite to the protection of the garnishee.    The *object* and *mode of proceeding* in foreign attachment, are entirely different from those of the general law.

The object of the original foreign attachment act, (*Stat.* 61. ed. 1808.) is declared, in the title of that act to be, " the recovery of debts out of the estate of *absent* and *absconding* debtors."    And under that act, up to the statute extending this process to debtors discharged from imprisonment, (*Stat.* 293, 4. ed. 1838.) and finally extending it to all debtors (*Stat.* of session of 1843, *p.* 32.) the " garnishee was not liable to be sued, unless the principal was (in fact) an *absent and absconding debtor*," " residing out of the state," or " so concealed that he can not be served with, or his property taken by, *ordinary process.*"    1 *Root,* 276. 295.    *Fitch* v *Waite,* 5 *Conn. R.* 117.

This process was, therefore, an extraordinary process, really against " the estate" of the absconding debtor ; and if no " estate" was in the hands of the garnishee, the court had no jurisdiction.    And this ' estate," contrary to the general law, could be secured in the hands of the garnishee, though the original process against the debtor, was by *summons.*

Upon the same idea, the debtor being regarded as fraudulently out of the way of ordinary process, it would have been absurd for the legislature to suppose a demand necessary to be made upon him, or at his " usual abode," before his property could be subjected to execution.

But by the second section of the act of 1843, (*Stat.* of that

New Haven,
July, 1850.

Culver
v.
Hall.

year, *p.* 32.) extending this process " the *proceedings* under the above (first) section of this act, *shall be the same* as are prescribed" by the former act. And the " same proceedings" are preserved in the *Revised Statutes* of 1849.

But further; this act has for its particular object, the application to the payment of a creditor, of the debts owing from third persons to his debtor. Now, this is a kind of property, which is not liable to the general law of attachment; which *can not* " be *exposed* and *taken on execution*," " granted against the *goods, chattels,* and *lands* of a debtor;" and which, except by this process, and in the manner provided by this statute, is wholly unavailable to the satisfaction of a judgment. See *Grosvenor* v. *Farmers and Mechanics Bank,* 13 *Conn. R.* 104.

What applicability, then, have the proceedings under the general law of execution (*sect.* 175.) to this proceeding to obtain payment of a debt? By the garnishees paying his debt to the officer, there is no *levy* made, any more than when the defendant himself pays the sum due on an execution; nor is the defendant subjected to more costs, or to any greater disadvantage, in the one case than the other.

3. That if a demand upon the execution debtor, (when within the state,) is a necessary prerequisite to the levy of the execution upon the goods or effects exposed by the garnishee, or to the application of the moneys received of the garnishee upon the execution, the garnishee ought not to be prejudiced, by this failure of duty, on the part of the officer.

The liabilities and duties of the garnishee, are simply in respect to the *property* in his hands. He is constituted the mere holder of that property, with no other obligation than " not" otherwise to dispose of it, than by " exposing" the goods and " paying" the debt, upon judgment being rendered and *demand* made. And these " prerequisites" to his action he has notice of

Now, the demand upon him is not the commencement, nor is his act of exposing the goods, *in order to subject them* to execution, any part of the levy. His " duty" is performed, when he has *brought the property to light.* The officer is responsible for the rest. Any other construction would place the garnishee in a most unreasonable and unjust position. What evidence can he have, that a demand has been made upon his

*New-Haven,*
*July, 1850.*

*Culver*
*v.*
*Hall.*

principal ? What, even that his principal is within the state, and so entitled, or not, to a demand ? The act certainly provides none; and yet for want of it, (according to the claim of the plaintiff,) he is exposed to a *scire-facias*, on one hand, or a suit in the name of his principal, on the other.

Church, Ch. J. The proceeding, so long known to us, as a foreign attachment, was introduced into our system of jurisprudence, from a somewhat similar custom of *London*, as early as in the year 1726, by a statute entitled, "An act for the recovery of debts out of the estate or effects of absent and absconding debtors." This statute, with various modifications, has continued, as a distinct statute, until the revision of 1849, when it was made part of the general act, "For the regulation of Civil Actions." The provision for attaching or securing debts, by this process, was not introduced until 1784. The mode of proceeding under this law, is regulated by the law itself, without recourse to the provisions of other statutes, applicable to other subjects.

The revised statute of 1849 for the regulation of civil actions, *ch.* 14. *sect.* 175. of Executions, is but the re-enactment of the former provisions of the law on the same subject, but does not relate to the proceedings in foreign attachment, but applies to cases in which the goods, lands or body of the defendant are to be taken or levied upon, by execution. Then, to be sure, before the execution can be thus levied, a previous demand, by the officer, of the defendant, must be made ; and for this the reason is obvious ; it is, that the execution debtor may have an opportunity, by payment, to protect his chattels from sale at a sacrifice, or his lands from being taken by an appraisal not his own, or his body from imprisonment.

But no such demand is required by the statute regulating proceedings in garnishment ; a demand of the debtor in the execution is not alluded to, in these proceedings ; nothing more than that the plaintiff, on praying out his execution, may direct the officer serving the same to make demand of the garnishee, of the goods and effects in his hands, whose duty it shall be to expose the same to be taken on the execution, and also to make demand of such debtor (the garnishee,) of any debt due to the defendant ; and it shall be the duty of such

debtor to pay the same. This statute directs no levy to be made upon the goods or lands of the defendant, nor upon his body; and therefore, it does not require a previous demand to be made of him. The object of this proceeding is, not to coerce the defendant, but to lay a foundation for further proceedings against the garnishee, if he refuses to pay, &c. on demand of him.

<em>New-Haven,<br>July, 1850.</em><br>————<br>Culver<br><em>v.</em><br>Hall.

If the garnishee, upon demand made of him, actually exposes or turns out to the officer the defendant's goods, he will be discharged; or if he pays the debt due from him, he will be discharged; but if the officer actually levies upon goods thus exposed, whether, in such case, he shall be bound to make demand before levy, we do not decide; such is not the present case. In this case, the garnishee, upon demand made of himself, has, in good faith, paid his debt to the officer.

Our factorizing law, as we sometimes call it, never contemplated a demand upon the defendant; he was always supposed to have absconded, and to have gone beyond the reach of a demand. The garnishee is the only person pursued; he is treated as the substitute of the absent debtor, and may appear and defend for him, if he will; he stands in his place; and, of course, no other demand than upon him, can, for any good purpose, be required. It is but recently, that this process could be pursued, unless the defendant was absent, or had absconded; and because now, this remedy has been extended so as to reach debtors at home, as well as absent, this can not justify the introduction of a new construction of the law, nor impose a new duty upon an officer, not directed by the statute.

The authority of Judge *Swift* supports our views. He says, that it must be alleged in the *scire-facias* against the garnishee, to subject him, that demand was made upon him; but he does not intimate, that an allegation of demand upon the original defendant in the execution, is necessary. 1 *Sw. Dig.* 730.

To hold, under such facts as appear upon this record, the present defendant to be liable, after he has once, in good faith, paid the debt under the factorizing process, would be hard and unjust. He was not bound to know, and he had no means of knowing, whether a demand had been made of the defendant in the execution. If such demand was, in

*New-Haven,*
*July, 1850.*

Culver
*v.*
Hall.

point of law, necessary, he was justified in presuming that the officer had performed this previous duty, and he was justified in acting on that presumption, in the payment of the money to him.

There is no error in the judgment of the superior court.

In this opinion the other Judges concurred.

*Judgment affirmed.*